UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANA H. WATTS
                                                                    CIVIL ACTION

VERSUS
                                                           NUMBER 13-93-BAJ-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 7, 2014.

*[signature: Stephen C. Riedlinger]*

                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANA H. WATTS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-93-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Dana H. Watts, brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits.

Plaintiff exhausted her administrative remedies before filing this action for judicial review. For the reasons which follow the Commissioner's decision should be reversed.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91

S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers

from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.  20 C.F.R. § 404.1505.  The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits.  20 C.F.R. § 404.1520.  In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[1] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work.  *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps.  At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work.  If the claimant shows at step four that he or she is no longer capable of

---

[1] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect.  Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results.  For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing.  An impairment that exhibits only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.

3

performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

### Background and Claims of Error

Plaintiff was 44 years old at the time of the hearing decision of the administrative law judge ("ALJ"). Plaintiff graduated from high school and her past relevant work was as a salesperson at a furniture store and a clerical/payroll accounting manager. AR pp. 120, 166-68, 184. In her application for disability benefits filed on December 9, 2010, the plaintiff alleged that she became disabled as of October 1, 2009 because of a heart condition, chronic fatigue, and anxiety.[2] AR pp. 156-63.[3]

After her application was denied at the initial stage, the plaintiff requested an ALJ hearing, which was held on August 24, 2011. The ALJ issued an unfavorable decision on October 2, 2011.

---

[2] Plaintiff's age placed her in the category of "younger person." 20 C.F.R. § 404.1563(c).

[3] At the time of the ALJ hearing, the plaintiff worked a few hours a month at her family's furniture store. AR pp. 34-36, 140-41. This work did not rise to the level of substantial gainful activity. AR p. 16, 143-50.

AR pp. 14-51.[4]  The ALJ found at the second step of the evaluation process that the plaintiff had a combination of severe impairments - cardiac dysrhythmias, hyperthyroidism, and anxiety disorder.  At the third step, he found that these conditions did not meet or medically equal the criteria of any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then evaluated the plaintiff's residual functional capacity to determine whether, despite her severe impairments, the plaintiff was able to do her past relevant work or do other work in the national economy.  The ALJ made a finding that the plaintiff had a residual functional capacity ("RFC") to perform a light work as defined in the regulations,[5] with the ability to stand, walk and sit, six out of eight hours, and with the need to avoid concentrated exposure to extremes of heat.  AR p. 18.  With this RFC and given the plaintiff's age, education and work experience, the ALJ concluded that the plaintiff was able to engage in her past

---

[4] The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

[5] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.  It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545.
    "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

5

work as actually and generally performed in the national economy. The ALJ relied on the testimony a of vocational expert, Thomas Mungall, to support the finding at the fourth step.  The ALJ found that the plaintiff was not disabled because she was capable of performing the duties of payroll manager and furniture salesperson. AR pp. 18-22, 48-49.

In her appeal memorandum the plaintiff argued that numerous errors by the ALJ require reversal and remand under sentence four of § 405(g).  One of the errors alleged by the plaintiff is that the ALJ's RFC finding is not supported by substantial evidence.

Based on the standard of review and the analysis set forth below, review of the administrative record as a whole demonstrates that this claim of error has merit.  The ALJ's RFC finding is not supported by substantial evidence and this error requires reversal and remand for reevaluation of the plaintiff's claim for disability benefits.

## Analysis

The RFC determination is pivotal to the disability analysis when the ALJ makes a finding at step four or five that a claimant is not disabled.  The RFC assessment must be based on all of the relevant evidence in the record, such as medical signs and laboratory findings, reports of daily activities, lay evidence, medical source statements, and the effects of symptoms, including pain that is reasonably attributed to a medically determinable

impairment.[6] While medical source statements are not required, the ALJ's RFC finding must be supported by substantial evidence that establishes the effects of the plaintiff's impairments on his or her ability to work.[7]

The ALJ's decision shows that she considered the functional assessment of nurse practitioner Skip K. Stewart but gave little weight to his assessment - that the plaintiff had an RFC for less than sedentary work was - because Stewart is a non-healhcare professional. AR pp. 21, 263-65. The ALJ considered the state agency RFC assessment and stated that she gave it no weight for the same reason. AR p. 21, 55-59. The ALJ stated that she considered and gave "significant weight" to cardiologist Dr. Andrew Rees's "treatment plan" and his statement/opinion that the plaintiff needed only reassurance. AR pp. 21, 272-74, 284-85. Thus, it appears the ALJ relied solely on the medical evidence and this statement by Dr. Rees to reach her RFC finding.[8] Yet, none of the

---

[6] 20 C.F.R. § 404.1545(a)(3)-(5); TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, 1996 WL 374184, 4-5.

[7] See, *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995); *Williams v. Astrue,* 355 Fed.Appx. 828 (5th Cir. 2009).

[8] The record also contained a physical capacity evaluation dated November 15, 2011. This evaluation was done after the ALJ's decision, so the ALJ could not have considered it. Plaintiff submitted it to the Appeals Council, which concluded that it provided no basis for changing the ALJ's decision. AR pp. 1-4, 368-70. This evaluation of the plaintiff's abilities did not show a capacity for light work.

records of the plaintiff's medical treatment, nor Dr. Rees's statements, provide any evidence/assessment of the effects of the plaintiff's impairments on her ability to perform the exertional and non-exertional requirements of work.  In other words, this evidence does not contain any information to support the ALJ's finding that the plaintiff must avoid heat extremes, but can perform light work as defined under the regulations, with the ability to stand, walk, and sit six hours a day.  Contrary to the principles set forth by the Fifth Circuit in *Ripley* and *Williams*, the ALJ impermissibly relied on her own medical opinions as to the limiting effects from the plaintiff's severe impairments of cardiac dysrhythmia, hyperthyroidism and anxiety disorder.[9]  In these circumstances, the ALJ's RFC finding is not supported by substantial evidence.

    The RFC finding is critical to the ALJ's determination that the plaintiff could perform her past work as a sales person and payroll manager.[10]  The lack of substantial evidence to support the RFC finding at the fourth step of the disability analysis means

---

[9] "[A]n ALJ may not – without opinions from medical experts – derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions.  Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams, supra,* n. 6, citing, *Ripley*, *supra*; *Wilkinson v. Astrue*, 2013 WL 5328184 (M.D. La. Sept. 20, 2013).

[10] This RFC was the key element of the vocational testimony on which the ALJ relied to find the plaintiff could do her past relevant work.  AR pp. 21, 48-49.

8

that the final decision of the Commissioner denying the plaintiff's disability claim is not supported by substantial evidence and must be reversed.  Since the error requires reversal and remand for reevaluation of the plaintiff's RFC and the denial of her claim at the fourth step, it unnecessary to address the plaintiff's remaining arguments in support of her appeal.[11]  Plaintiff may pursue any of her other arguments in the administrative proceedings on remand.

### RECOMMENDATION

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application for disability benefits filed by plaintiff Dana H. Watts be reversed, and that this matter be remanded to the Commissioner for reevaluation of the plaintiff's claim for benefits.

Baton Rouge, Louisiana, March 7, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] Plaintiff's remaining claims of error focus on her claim that the ALJ ignored evidence of the existence and limiting effects of her diagnosis of Undifferentiated Connective Tissue Disease in April 2011.  AR pp. 288-91, 361-62, 366.